<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 17a0169n.06

No. 16-6527

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

MONICA MUELLER,            )
                          )
    Plaintiff-Appellant,   )
                          )   ON APPEAL FROM THE UNITED
v.                         )   STATES DISTRICT COURT FOR
                          )   THE EASTERN DISTRICT OF
COMMISSIONER OF SOCIAL SECURITY,  )   TENNESSEE
                          )
    Defendant-Appellee.    )

**FILED**
Mar 21, 2017
DEBORAH S. HUNT, Clerk

BEFORE: COLE, Chief Judge; SUTTON and KETHLEDGE, Circuit Judges.

PER CURIAM. Monica Mueller appeals the district court's judgment affirming the denial of her application for disability insurance benefits.

In 2012, Mueller filed an application for disability insurance benefits, alleging that she became disabled on May 30, 2008. After the Social Security Administration denied the application, Mueller requested a hearing before an administrative law judge (ALJ). The ALJ denied Mueller relief, concluding that she did not have a severe impairment or combination of impairments. The Appeals Council declined to review the case. The district court affirmed the denial of Mueller's application.

On appeal, Mueller argues that the ALJ failed to give good reasons for affording little weight to the medical opinion of her treating psychiatrist and that the ALJ erred by concluding that her mental impairments were not severe. "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are

supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence exists if a reasonable mind might accept the relevant evidence as adequate to support the ALJ's conclusion. *Id.* at 406. We review de novo the district court's conclusions on each issue. *Id.*

Mueller first argues that the ALJ failed to give good reasons for affording little weight to the medical opinion of her treating psychiatrist, Dr. Badshah Maitra, who opined that Mueller's mental impairments would cause her to miss work frequently and prevent her from performing her work consistently and effectively. A medical opinion from a treating source must be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with other substantial evidence" in the record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citation omitted). An ALJ must provide "good reasons" for discounting the opinion of a treating source. *Id.* The stated reasons must be supported by the evidence in the record and "sufficiently specific to make clear to any subsequent reviewers the weight" that the ALJ gave to the opinion and the reasons for that weight. *Id.* If a treating-source opinion is not given controlling weight, the ALJ must weigh the opinion based on all relevant factors, including the nature of the treatment relationship, the specialization of the medical source, and the consistency and supportability of the opinion. *Id.*

Substantial evidence supports the ALJ's decision to give little weight to Dr. Maitra's opinion. As the ALJ recognized, Dr. Maitra's opinion was inconsistent with his own treatment notes from the relevant period, which reflect that Mueller would not see him or take her medications for long periods without adverse consequences. The notes further show that Dr. Maitra's examinations of Mueller were unremarkable and that, when Mueller's symptoms became worse, she responded well to her medications. Dr. Maitra's opinion was also contradicted by the evidence of Mueller's daily activities after her alleged date of disability.

That evidence included that Mueller was able to complete her undergraduate degree and that she was scheduled to finish law school on time within a year, she was ranked first in her class, and she regularly spent many hours per day doing her schoolwork.

Mueller also argues that the ALJ erred by concluding that her mental impairments were not severe. But the evidence that the ALJ relied on in discounting Dr. Maitra's opinion also constitutes substantial evidence to support both the ALJ's decision to discount the credibility of Mueller and her husband, who claimed that Mueller's medications were ineffective and that she was incapable of working on a consistent basis, *see Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997), and the ALJ's determination that Mueller's impairments were not severe. *See Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 929-30 (6th Cir. 2007).

In response, Mueller contends that her impairments are severe because, although they may not impact her every day, they periodically cause her to suffer severe symptoms. The ALJ did not directly address the episodic nature of Mueller's conditions, but the district court found that the ALJ's failure to do so was "harmless" given the "overwhelming evidence" that supported the ALJ's findings. *Mueller v. Colvin*, No. 4:15-CV-9, 2016 WL 7799314, at *7 n.7 (E.D. Tenn. Aug. 23, 2016). We agree. The ALJ found (and the record shows) that Mueller's medication was effective for treating her symptoms but that she nonetheless "went months at a time without taking her medications or seeing Dr. Maitra" and usually did so "without any adverse consequences." This evidence, along with the evidence discussed above, substantially supports the conclusion that Mueller's condition, even if episodic, was not severe. *See Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987) (per curiam).

Accordingly, we **AFFIRM** the district court's judgment.